UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL WORKERS' LOCAL 36 401(K) PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ERNEST MORRIS, *doing business as Elm Heating and Air Conditioning, Inc.*, <br><br> Defendant. | Case No. 4:24 CV 167 JMB |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 18). For the reasons discussed below, the motion will be **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are trustees of an employee pension benefit plan (401(k) plan) as defined by Section (3)(2) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(2). (Doc. 1, ¶ 1). Elm Heating and Air Conditioning, Inc. (Elm HAC) is an Illinois corporation and signatory to a collective bargaining agreement (CBA) in which it agreed to pay monthly employer contributions and salary deferral contributions to the 401(k) plan on behalf of covered individuals. (*Id.* ¶¶ 2, 7). Plaintiffs filed this action on January 31, 2024, to recover delinquent contributions, liquidated damages, interest, attorneys' fees, and costs for the time period January 1, 2020 to March 31, 2023 pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs allege that Elm HAC failed to (1) cooperate with an authorized audit of the relevant time period, (2) produce documentation to

complete the audit, and (3) pay contributions to the 401(k) plan as required by the CBA during the relevant time period.

Elm HAC was involuntarily dissolved on September 14, 2018 but did not inform Plaintiffs. (Doc. 1, ¶¶ 2-4). At the time of dissolution, Ernest Morris was Elm HAC's President and registered agent. (*Id*. ¶ 4). The complaint was served upon Morris on June 12, 2024. (Doc. 14). When no response was filed by the applicable deadline, the Clerk of Court entered Defendant's default on July 19, 2024 and mailed the entry to Defendant (as the registered agent of Elm HAC). (Doc. 16). Plaintiffs subsequently filed the pending motion.

The CBA states that Elm HAC must pay $0.50 per hour per covered individual to the 401(k) plan, due the first working day of the month following when the hours were worked. (Doc. 1-1, pp. 18, 22). The CBA further provides that Elm HAC shall be bound by the 401(k) plan trust agreement. (*Id*. p. 22-23). The 401(k) plan trust agreement allows for liquidated damages and interest at a particular rate on delinquent contributions. (Doc. 19-2, p. 3 ¶¶ 14 and 16 and pp. 18 and 53). In addition, the 401(k) plan trust agreement requires Elm HAC to pay for the costs of an audit. (*Id*. pp. 61-62). Finally, the 401(k) plan trust agreement allows for the collection of attorney fees and costs incurred in connection with delinquent contributions. (*Id*. p. 18).

Despite Elm HAC's lack of cooperation and failure to provide records, Plaintiffs completed an audit of the relevant time period using (1) payroll tax reports, (2) an annual payroll report for 2020, (3) weekly payroll reports for 2021 through March 2023, (4) a summary of reported hours provided by Plaintiffs, and (6) contribution rate sheets. (Doc. 19-1, ¶ 11). Based on an examination of the records, Plaintiffs' auditor determined that Elm HAC owed $2,011.10 in unpaid contributions. (*Id*. ¶ 12). The cost of performing the audit is $4,476.00. (*Id*. ¶ 13). This cost is greater than typical because, in part, the audit was for three years instead of the standard two years

and the information was in formats that were not typical or readily convertible to an electronic format.  (*Id*. ¶ 14).  As of the date of the motion, liquidated damages totaled $402.22 and interest totaled $826.76.  (Doc. 19-2 p. 3 ¶¶ 15 and 16).  Plaintiffs seek $6,867.10 in attorneys' fees and $733.00 in costs.  (Doc. 19-3, p. 4, ¶ 27).[1]  The total amount is $15,316.18.

**II.   ANALYSIS**

Under Fed. R. Civ. P. 55(b), a court may enter a default judgment for failure "to plead or otherwise defend" at its discretion.  *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977).  "Where default has been entered, the allegations of the complaint, except as to the amount of damages[,] are taken as true."  *Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Hard Rock Founds., LLC*, No. 4:13-CV-01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted); *Cutcliff v. Reuter*, 791 F.3d 875, 882-883 (8th Cir. 2015).  "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10-CV-02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (internal quotation omitted).  A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorneys' fees, and costs.  29 U.S.C. § 1132(g)(2)(e).  Damages must be proven by a preponderance of the evidence.  *See Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11-CV-02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

---

[1] Plaintiffs' attorneys' billing records contain a narrative description of services performed except for an entry dated May 14, 2024 setting forth a cost of $135.00 for service.  (Doc. 19-3, p. 7).  The Court assumes this was a fee associated with service of the second alias summons issued on May 13, 2024 and is in addition to the $63.00 also billed for service by United Processing, Inc.

Plaintiffs employed Legacy Professionals, LLP to conduct examinations of the records and determine the amount owed to Plaintiffs.  The examination revealed total unpaid contributions in the amount of $2,011.10 and the cost of $ 4,476.00 for the audit.  Plaintiffs provided the affidavit, and supporting documentation, of John Kerulis, a Compliance Audit Manager, to support these amounts. (Doc. 19-1).  Plaintiffs also have provided the affidavit of Catherine M. Dobrynski, the Controller for Plaintiffs' fund, to support the amount of $402.22 in liquidated damages and $826.76 in interest, as of October 31, 2024.  (Doc. 19-2).  Finally, attorney Brady L. Root has provided an affidavit showing attorney fees in the amount of $6,867.10 and costs in the amount of $733.00.  (Doc. 19-3).  Upon its review of the entire record, this Court finds that Plaintiffs have provided adequate documentary evidence, affidavits, and other factual support for their damages claim.

As noted above, Elm HAC, an Illinois corporation, was involuntarily dissolved on September 14, 2018.  It did not inform Plaintiffs of its dissolution.  Elm HAC nonetheless continued operations, employing various individuals from 2021 to 2023, as set forth in the Schedule of Amounts Due (Doc. 19-1, p. 10), for whom contributions should have been paid. (Doc. 1, ¶ 3).  Elm HAC's President and agent is Ernest Morris.  In their Complaint, Plaintiffs assert that Mr. Morris can be held liable for Elm HAC's breaches of the CBA after September 14, 2018 by virtue of his continuing to conduct business as Elm HAC.  (*Id*. ¶ 4).

To support this proposition, Plaintiffs rely on Illinois' Business Corporation Act.  The Act states, in part, that "[a] dissolved corporation may bar any known claim against it, its directors, officers, employees or agents, or its shareholders or their transferees" by following various procedures including notifying claimants of the dissolution.  805 ILCS 5/12.75(b).  Plaintiffs then rely on 805 ILCS 5/8.65(a)(2) which provides that "[i]f a dissolved corporation shall proceed to

bar any known claims against it under Section 12.75, the directors of such corporation who fail to take reasonable steps to cause the notice required by Section 12.75 of this Act to be given to any known creditor of such corporation shall be jointly and severally liable to such creditor for all loss and damage occasioned thereby." At the time that Elm HAC was "involuntarily dissolved," by which the Court assumes Plaintiffs mean that it was administratively dissolved pursuant to 805 ILCS 5/12.40, the claims made in the Complaint were not "known" because they had not yet occurred. In addition, Plaintiffs do not make any argument that a "director" as that term is used in the statute, includes "President and Registered Agent" as alleged in the Complaint. Plaintiffs do not address these issues in their Motion. *See Laborers' Pension Fund v. Nationwide Environmental*, 2011 WL 10755892 (N.D. Ill. 2011).

However, while not cited by Plaintiffs, the Business Corporation Act may apply to Mr. Morris. *See* 805 ILCS 5/3.20 ("All persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof"); *Affiliated Capital Corp. v. Buck*, 886 F.Supp. 647, 649 (N.D. Ill. 1995) (noting "the general rule that an individual who conducts a business in the name of a nonexistent corporation is personally liable on contracts made in connection with the business"). Mr. Morris engaged in business in the name of Elm HAC and employed individuals covered by the CBA and the 401(k) trust agreement. As such, he is liable for the debts incurred by Elm HAC.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 18) is **GRANTED**. Judgment is entered against Defendant Ernest Morris and in favor of Plaintiffs

Trustees of the Sheet Metal Workers' Local 36 401(k) Plan, in the amount of **$15,316.18**.

Dated this 2nd day of April, 2025

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRCT JUDGE